IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TERRY GRAY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:24-cv-1700-X-BN |
| | § | |
| CARR AND CARR LAW FIRM, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This civil lawsuit was opened on receipt of a demand letter from Plaintiff Terry Gray, who appears to reside in Mississippi, to Attorney Charlie Carr and Defendant Carr and Carr Law Firm (collectively "Carr"), who appear to office in Dallas, Texas, in which Gray alleges that Carr violated a contractual agreement through the representation of his son in a criminal proceeding in Mississippi and requests "a full refund of $15,000.00 due to the breach of contract and insufficient representation." Dkt. No. 3.

United States District Judge Brantley Starr referred Gray's lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

After reviewing the construed complaint, the undersigned questions whether there is subject matter jurisdiction and, given the circumstances of this case, enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this action for lack of subject matter jurisdiction.

These findings and conclusions provide Gray notice as to the jurisdictional deficiencies. And the ability to file objections to the undersigned's recommendation that this case be dismissed for lack of jurisdiction (as further explained below) offers Gray an opportunity to establish (if possible) that the Court does have subject matter jurisdiction.

**Discussion**

"Jurisdiction is the power to say what the law is." *United States v. Willis*, 76 F.4th 467, 479 (5th Cir. 2023). So consideration of "[j]urisdiction is always first." *Louisiana v. U.S. Dep't of Energy*, 90 F.4th 461, 466 (5th Cir. 2024) (citation omitted).

And, because "'[f]ederal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute,'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)), "subject-matter delineations must be policed by the courts on their own initiative even at the highest level," *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999) (citations omitted).

Gray chose to file this lawsuit in federal court and, by doing so, undertook the burden to establish federal jurisdiction. *See St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." (cleaned up)); *Butler v. Dall. Area Rapid Transit*, 762 F. App'x 193, 194 (5th Cir. 2019) (per curiam) ("Assertions that are conclusory are insufficient to support an attempt to establish subject-matter jurisdiction." (cleaned up)).

And, if the party invoking federal jurisdiction fails to establish it, the lawsuit must be dismissed. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Because federal jurisdiction is not assumed, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n.2 (5th Cir. 1983)); *see also MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) ("Because federal courts have limited jurisdiction, parties must make 'clear, distinct, and precise affirmative jurisdictional allegations' in their pleadings." (quoting *Getty Oil*, 841 F.2d at 1259)).

Under their limited jurisdiction, federal courts generally may only hear a case if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332.

In cases invoking jurisdiction under Section 1332, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a), (b). This amount "is determined by the amount of damages or the value of the property that is the subject of the action." *Celestine v. TransWood, Inc.*, 467 F. App'x 317, 319 (5th Cir. 2012) (per curiam) (citing *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)).

And, "[f]or diversity purposes, state citizenship is synonymous with domicile. A change in domicile requires: '(1) physical presence at the new location and (2) an

intention to remain there indefinitely.'" *Dos Santos v. Belmere Ltd. P'ship*, 516 F. App'x 401, 403 (5th Cir. 2013) (per curiam) (citations omitted); *see also Preston v. Tenet Healthsystem Mem'l Med. Ctr.*, 485 F.3d 793, 797-98 (5th Cir. 2007) ("In determining diversity jurisdiction, the state where someone establishes his domicile serves a dual function as his state of citizenship.... Domicile requires the demonstration of two factors: residence and the intention to remain." (citing *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954))); *SXSW v. Fed. Ins. Co.*, 83 F.4th 405, 407 (5th Cir. 2023) ("'The difference between *citizenship* and *residency* is a frequent source of confusion.' For natural persons, § 1332 citizenship is determined by domicile, which requires residency plus an intent to make the place of residency one's permanent home. An allegation of residency alone 'does not satisfy the requirement of an allegation of citizenship.'" (emphasis in original; citations omitted)).

"The basis for diversity jurisdiction must be 'distinctly and affirmatively alleged.'" *Dos Santos*, 516 F. App'x at 403 (quoting *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009)). And "a 'failure to adequately allege the basis for diversity jurisdiction mandates dismissal.'" *Id.* (quoting *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991)).

Under Section 1331, federal question jurisdiction "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27-28 (1983)); *see also*

*In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) ("A federal question exists 'if there appears on the face of the complaint some substantial, disputed question of federal law.'" (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995))).

The "'creation' test … accounts for the vast bulk of suits under federal law." *Gunn*, 568 U.S. at 257 (citation omitted). But

> "a federal court [is also] able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." That is to say, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress."

*Perez v. Se. SNF, L.L.C.*, No. 21-50399, 2022 WL 987187, at *3 (5th Cir. Mar. 31, 2022) (per curiam) (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005), then *Gunn*, 568 U.S. at 258).

### Analysis

Gray fails to allege a basis for the Court's jurisdiction.

But, of the facts alleged, none show – or raise a reasonable inference – that a federal statute was violated or that resolution of a claim asserted through the construed complaint turns on "a substantial question of federal law." *Borden*, 589 F.3d at 172; *see, e.g.*, *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) ("[P]rivate attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under [42 U.S.C. §] 1983.").

So Gray has not established federal question jurisdiction.

An "amount-in-controversy allegation is accepted if made in good faith." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014). And, where the damages alleged are only $15,000, well short of Section 1332's minimum amount in controversy, Gray has not established diversity jurisdiction.

## Recommendation

The Court should dismiss this lawsuit for lack of subject matter jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 16, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE